UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN SIMS, <br><br> Plaintiff, <br><br> v. <br><br> WHEELER, MONERPENNY, RAGLIN, ROBINSON, HERNANDEZ, ORTH, WATTS, and SHANNON SMITH, <br><br> Defendants. | CAUSE NO. 3:24-CV-383-CCB-MGG |

OPINION AND ORDER

John Sims, a prisoner without a lawyer, filed a complaint, and in it admits that he is three-struck, meaning he is prohibited by 28 U.S.C. § 1915(g) from proceeding without prepaying the filing fees unless he is "under imminent danger of serious physical injury." ECF 1. He says he is in imminent danger and plans to seek leave to proceed in forma pauperis on that basis. But he has yet to file such a motion, and his scattershot complaint contains unrelated claims in violation of the rule that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi-claim, multi-defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In this case, Sims alleges that Officer Orth, Office Raglin, and Sergeant Hernandez beat him up on April 3, 2024, then Officer Orth and Officer Raglin tampered

with his breakfast tray the next day and Lieutenant Robinson refused to document the incident in an attempt to cover it up and also threatened to kill him. Sims further alleges that another time, Officer Wheeler and an unknown officer used excessive force against him and tried to kill him. Yet another time, Officer Monerpenny threatened to beat him up and kill him. He finally alleges that the grievance specialist, Ms. Shannon, is refusing to process his grievances and Deputy Warden Watts refuses to intervene to stop these defendants from doing these things to him. Sims alleges without explanation that he is in imminent danger and can die at any time.

Each of these alleged instances of excessive force by different defendants is unrelated to the others. Claims are related either if the same defendant is involved in each claim <u>or</u> if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. FED. R. CIV. P. 18(a), 20(a)(2). Here, the alleged uses of force were committed by different defendants on different occasions. There is no basis alleged to find them related.

When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Sims needs to decide which related claims to bring in this case. To do so, he must file an amended complaint with only related claims. If he wants to pursue any other claims, he must file a separate complaint for each group of unrelated claims. Each

complaint will be assigned a new case number and proceed as an independent case, subject to the usual constraints of the Prisoner Litigation Reform Act.

In addition, if Sims wants to continue this lawsuit, he must resolve his filing fee status either by paying the filing fee or (if he can satisfy the imminent-danger requirement) by filing an in forma pauperis motion with a copy of his inmate trust fund ledger detailing his transactions for the past six months.

For these reasons, the court:

(1) DIRECTS the clerk to place this case number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to John Sims;

(2) GRANTS John Sims until **June 28, 2024**, to file an amended complaint on that form <u>and</u> to resolve his filing fee status;

(3) CAUTIONS John Sims if he does not respond by the deadline, this case may be dismissed without further notice.

SO ORDERED on May 29, 2024.

s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT